UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61053-CIV-ROSENBAUM

CLEVELAND J. REEVES,

        Plaintiff,

v.

GABRIEL TORRES,

        Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court upon Plaintiff Cleveland J. Reeves's Complaint [D.E. 1] and Motion for Leave to Proceed *in Forma Pauperis* [D.E. 2]. The Court has carefully reviewed Plaintiff's Complaint and Motion, as well as the entire record, and is otherwise duly advised in the premises. For the reasons set forth below, the Court now dismisses Plaintiff's Complaint but provides Plaintiff with an opportunity to file an amended complaint.

### *I. Background*

Plaintiff filed his *pro se* Complaint in this case on May 9, 2013. In its entirety, Plaintiff's Complaint reads as follows:

> I, Cleveland Reeves, plaintiff, in the above style cause, sue defendant(s): Gabriel Torres/Vice President, Assistant General Counsel. This action is filed under (indicate under which federal law or section of the U.S. Constitution this action is being filed): the Federal Constitution, Articles IV, V and VII.

D.E. 1. Along with his Complaint, Plaintiff filed his Motion for Leave to Proceed *in Forma Pauperis* [D.E. 2]. The Motion for Leave to Proceed *in Forma Pauperis* further identifies Defendant

Torres as being associated with JP Morgan Chase.

## *II. Discussion*

Under 28 U.S.C. § 1915(a), a district court may authorize the commencement of a civil action without prepayment of fees or costs or the giving of security therefor, if the potential plaintiff has filed an affidavit that he or she is unable to pay such costs or give such security.[1]  Motions pursuant to Section 1915(a) are commonly known as *in forma pauperis* motions.  A court has "wide discretion" in determining whether to grant or deny a motion pursuant to § 1915(a).  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).  This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Willliams*, 490 U.S. 319, 324 (1989).  Nevertheless, 28 U.S.C. § 1915(e)(2)(B)(ii) requires a court to dismiss a case if the court determines that the action "fails to state a claim on which relief may be granted . . . ."

In conducting its review of a *pro so* litigant's pleadings, courts construe them liberally and hold them to a less stringent standard than those drafted by attorneys.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But in so doing, courts may not act as *de facto* counsel for *pro*

---

[1]The provisions of 28 U.S.C. § 1915(a)(1) state:
> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

*Id.* "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (citing *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir.1997)); *see also Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir.1997).

*se* litigants.  *Giles v. Wal-Mart Dist. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009).

Here, even viewed liberally, Plaintiff's Complaint fails to state a claim on which relief may be granted.  Accordingly, the Court must deny Plaintiff's Motion to Proceed *in Forma Pauperis* and dismiss the action.

In evaluating the Complaint, the Court considers Rule 8(a)(2), Fed. R. Civ. P., which demands that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While a complaint need not provide detailed factual allegations, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Corbitt v. Home Depot U.S.A., Inc.*, 573 F.3d 1223, 1256 (11th Cir. 2009); *Cobb v. State of Florida*, 293 F. App'x 708, 709, *1 (11th Cir. 2008)*; Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). Similarly, "naked assertion[s]" bereft of "further factual enhancement" do not suffice, either. *Twombly*, 550 U.S. at 555, 557.  As the Supreme Court has explained, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at  555. "Moreover, the facts supporting the claim must be 'consistent with the allegations in the complaint.'" *Wilchombe*, 555 F.3d at 958 (quoting *Twombly*, 550 U.S. at 562).  When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).

Here, Plaintiff's Complaint is completely devoid of any factual allegations supporting his

claim that Defendant Torres has violated Plaintiff's rights under Articles IV, V, or VII of the United States Constitution.  For this reason alone, it fails to satisfy the pleading standard.  In addition, however, it is difficult to conceive of how Defendant Torres, apparently the vice president and assistant general counsel of JP Morgan Chase, could have engaged in conduct that affects any rights allegedly protected by these constitutional provisions.[2]  *See, e.g., Martin v. Ross*, 2008 WL 5070440, *1 (N.D. Ind. Nov. 25, 2008) (reaching similar conclusion with regard to alleged violations of Articles III, IV, and VI of the United States Constitution).

Finally, the Court notes that Plaintiff has failed to provide his address or other contact information on the Complaint or anywhere else in the record, except that in his Motion to Proceed *in Forma Pauperis*, he notes the address of his employer, American Airlines, as "Miami Int'l Airport, Miami, FLA 33142."  Rule 11, Fed. R. Civ. P., requires that every pleading be signed by the attorney or by the party personally if that party is not represented.  In addition, the paper "must state the signer's address, e-mail address, and telephone number." *Id.*  Because Plaintiff has failed to disclose his address and other relevant contact information, his Complaint also violates Rule 11.

### III.  Conclusion

For the foregoing reasons, this case is **DISMISSED WITHOUT PREJUDICE**.  The Court will provide Plaintiff with an opportunity to remedy his deficiencies by filing an appropriate

---

[2] Article IV deals with the States.  Section 1 requires that each state give full faith and credit to the public acts, records, and judicial proceedings of every other state.  Section 2 entitles the citizens of each state to all privileges and immunities of citizens of the several states.  Section 3 addresses the admission of new states to the United States and the treatment of territories of the United States.  Section 4 guarantees to every state a republican form of government.  Article V of the Constitution sets forth the procedure for amending the United States Constitution.  Finally, Article VII provides that "[t]he Ratification of the Conventions of nine States, shall be sufficient for the Establishment of this Constitution between the States so ratifying the Same."

amended complaint. The amended complaint must be filed with the Court by **May 24, 2013**.

**Failure to file an amended complaint by May 24, 2013**, shall result in the immediate dismissal of this case.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 9th day of May 2013.

*(signature)*
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

Cleveland Reeves, *pro se*
c/o American Airlines
Miami International Airport
Miami, Florida 33142